P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4260 PA | Date | July 23, 2008 |
|---|---|---|---|
| Title | Chih Hsin Teng v. Clerk Michelle Urie, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Rosa Morales | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**     **Order to Show Cause Re Dismissal**

Before the Court is a complaint ("Complaint") filed by pro se plaintiff Chih Hsin Teng ("Plaintiff") against "Clerk Michelle Urie," ("Urie") United States District Court Judge David O. Carter ("Judge Carter"), and "DMV of Cal" ("DMV").  It appears that Plaintiff previously filed two cases against the California DMV arising out of his failure to pass his driver's test and obtain a driver's license.  (See Case Nos. SACV 07–273, SACV 07–639.)  These cases were before United States District Court Judge Cormac J. Carney.  The Court issued a Minute Order that was not favorable to Plaintiff, and he therefore sued Judge Carney's Deputy Clerk, Urie, for issuing a "false document."  The suit against Urie, along with several other cases in which Plaintiff sued employees in the Clerk's office, were consolidated before Judge Carter, who issued an Order to Show Cause why Plaintiff should not be declared a vexatious litigant.  Plaintiff then filed this action against Urie, Judge Carter, and the DMV.

It appears that Judge Carter is immune under the doctrine of judicial immunity.  See, e.g., Mireles v. Waco, 502 U.S. 9, 9–10, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007), cert. denied, 128 S. Ct. 1654, 170 L. Ed. 2d 362 (2008).  The doctrine of judicial immunity also appears to extend to Urie.  See, e.g., Cleavinger v. Saxner, 474 U.S. 193, 200–202, 106 S. Ct. 496, 500–501, 88 L. Ed. 2d 507 (1985); Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (extending absolute quasi-judicial immunity to court clerks).  Furthermore, both of Plaintiff's previous cases against the DMV were dismissed, one with prejudice.  Thus, it appears that Plaintiff's claim against the DMV, if any, is barred under the doctrine of res judicata.

Accordingly, Plaintiff is ordered to show cause in writing, no later than August 4, 2008, why this case should not be dismissed in its entirety based on the doctrines of judicial immunity and res judicata.  Failure to comply with this Order may result in the imposition of sanctions, including dismissal of the Complaint.  The Court stays all proceedings in this case until the Order to Show Cause is resolved.

IT IS SO ORDERED.